UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
: 
UNITED STATES OF AMERICA EX REL. :
STEVEN ADLER, : **ORDER DENYING MOTION**
: **FOR PARTIAL SUMMARY**
Plaintiff-Relator, : **JUDGMENT**
-against- :
:
SPORN COMPANY, INC. and BIXLER'S INC., : 20 Civ. 8194 (AKH)
:
Respondent. :
:
---------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

This qui tam suit arises out of Plaintiff-Relator Steven Adler's ("Adler") employment with Defendant Sporn Company, Inc. ("Sporn"), the parent company of co-defendant Bixler's, Inc. ("Bixler's"). Plaintiff alleges that Sporn, a Canadian company with its main manufacturing plant in Canada, fails to mark its jewelry with Canada as the country of origin, as required by 31 U.S.C § 3759 *et seq*. ECF Nos. 6 and 30. To support this claim, Adler describes three jewelry orders he personally placed from Sporn, which arrived in the United States without any marking regarding the country of origin. Accordingly, Adler contends that he, standing in for the Government, should recover treble damages for the failure to mark duties that Sporn owes to the government, and asks the Court to impose a civil fine on the company as well, in accordance with the statute's provisions.

Before Sporn and Bixler's had a chance to file their first responsive pleading, Adler moved for partial summary judgment as to the three jewelry orders he personally placed from Sporn. ECF No. 16. Adler's motion is denied. Courts are often hesitant to grant motions for summary judgment before discovery has begun. *GMA Accessories, Inc. v. Croscill, Inc.*, No.

1

6CIV6236 (GEL) 2007 WL 766294, at * 2 (S.D.N.Y. Mar. 13, 2007). Instead, judges often deny these motions as premature, except in the "clearest of cases." *Wells Fargo Bank Northwest N.A. v. Taca Int'l Airlines S.A.*, 247 F.Supp. 2d 352, 360 (S.D.N.Y. 2002). Here, Adler's motion is not the clearest of cases. Issues of fact that are crucial to the determination of his motion remain unanswered. For example, while Alder claims the jewelry he ordered was manufactured in Canada and yet not labeled as such, he provides no evidence in his motion to prove this assertion, nor does he provide order information so that the defendants may look up the purchases in their databases. In line with Fed. R. Civ. P. 56's text, summary judgment is inappropriate here because, without discovery, "the party opposing [the motion] shows . . . that he cannot at the time present facts essential to justify his opposition. Fed. R. Civ. P. 56 (f).

The Plaintiff's motion for partial summary judgment is denied. The Clerk shall terminate ECF No. 16. The parties shall appear as planned for oral arguments on April 9, 2024 on the issues covered in the defendants' motion to dismiss.

SO ORDERED.

Dated: 3/18/24
New York, New York

Alvin K. Hellerstein
United States District Judge

2