UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                                                 :

UNITED STATES OF AMERICA EX REL.  :
STEVEN ADLER,                                         :      **ORDER GRANTING MOTION**
                                                                    :      **FOR TRANSFER OF VENUE**
                                  Plaintiff-Relator,  :
       -against-                                        :
                                                                    :      20 Civ. 8194 (AKH)
SPORN COMPANY, INC. and BIXLER'S INC.,  :
                                                   Respondent.  :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

     Defendants move to transfer this case to the District of Vermont pursuant to 28 U.S.C. § 1404(a). ECF No. 37. They argue that the operative facts of the case, as well as the location where the at-issue labeling took place, occurred in Burlington, Vermont. For the following reasons, the motion is granted.

     This qui tam suit arises out of Plaintiff-Relator Steven Adler's ("Adler") employment with Defendant Sporn Company, Inc. ("Sporn"), the parent company of co-defendant Bixler's, Inc. ("Bixler's"). Adler alleges that the Canadian-based Sporn Company fails to mark its jewelry with Canada as the country of origin, as required by the False Claims Act, 31 U.S.C § 3759 *et seq* ("FCA"). ECF Nos. 6 and 30. To support this claim, Adler describes three jewelry orders he personally placed from Sporn, which arrived in the United States without any marking regarding the country of origin. He argues that these orders evidence the Defendants' failure to provide country-of-origin marking. Accordingly, Adler, standing in for the Government, seeks to recover treble damages for the failure to mark duties that Sporn owes to the government, and

1

asks the Court to impose a civil fine on the company as well, in accordance with the statute's provisions.

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice." In applying this provision, the Court retains broad discretion to transfer a case, and does so on a case-by-case basis in view of overall convenience and fairness. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006). In making such a determination, a Court must weigh a series of factors, among them "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

These factors counsel strongly in favor of transferring this case to the United States District Court of the District of Vermont. First, most events occurring in the United States that gave rise to this suit happened in Burlington, Vermont. At the same time, there are no occurrences related to the FCA's marking duty that occurred in the Southern District of New York. Accordingly, all sources of documentation and proof will likely be in Burlington. Second, all material witnesses who have knowledge of the Defendants' marking practices will be in Vermont or Canada. Third, the Defendants operate their United States commerce out of Vermont, making it the most convenient location for them. This is not undermined by the Plaintiff-Relator's convenience, either: he now resides in Florida, which would require him to take a flight whether the case was litigated in New York or in Vermont. While the Plaintiff's choice of forum is ordinarily given substantial weight, "a plaintiff's choice of forum is accorded substantially less deference when the forum is neither the plaintiff's home nor the place where

2

the operative facts of the action occurred." *Tan v. Shein Distrib. Corp.*, No. 23-cv-8469 (LGS) 2024 U.S. Dist. LEXIS 7645, at *5 (S.D.N.Y. Jan. 16, 2024). Accordingly, the convenience for and the forum choice by the Plaintiff-Relator do not bear strongly in favor of keeping the case in the Southern District of New York.

Plaintiff-Relator argues that the False Claims Act, the basis for the right of action, provides a venue provision which permits this Court to hear the case. *See* 31 U.S.C. § 3732(a) ("Any [FCA action] may be brought in any judicial district in which the defendant, or, in the case of multiple defendants, any one defendant can be founds, resides, transacts business . . ."). Plaintiff-relator is correct that the FCA allows exercise of jurisdiction in the Southern District of New York here, because Defendant Sporn is a New York Corporation. But it does just that—it *allows* the case to be heard here. The Court maintains the discretion, even under the FCA's venue provision, to transfer the case to a more convenient forum under 28 U.S.C. § 1404(a) if it sees fit to do so. *United States ex rel. Bassan v. Omnicare, Inc.*, No. 15-cv-4179 (CM) 2022 U.S. Dist. LEXIS 3613 (S.D.N.Y. Jan. 7, 2022) ("[t]his determination [to transfer venue] is within the sound discretion of the district court.").

Since this case is to be transferred, the District Judge who will preside over the case and not I should decide the merits of the pending motion to dismiss.

For the foregoing reasons, Defendants' motion to transfer venue is granted, and the case shall be transferred to the District of Vermont.

SO ORDERED.

Dated: 5/28/24
New York, New York

Alvin K. Helferstein
United States District Judge

3